IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF PENNSYLVANIA

GREAT AMERICAN E&S           )
INSURANCE COMPANY,           )
                             )
    Plaintiff,            )
                             )
    vs.                   )     Civil Action No. 2:12-CV-00193-AJS
                             )     Judge Schwab
J. NICK ENTERPRISES d/b/a THE )
LIBRARY and JEFFREY M. BRUNGO )
and JASON SHOOK,             )
                             )
    Defendants.           )

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## PURSUANT TO RULE 12(b)(1) and 12(b)(7)

AND NOW, come Defendants, J. NICK ENTERPRISES d/b/a THE LIBRARY and JEFFREY M. BRUNGO, and by their attorneys ANSTANDIG, McDYER & YURCON, P.C. files this brief in support of motion to dismiss:

## PROCEDURAL BACKGROUND

A few months ago, on November 18, 2011 a complaint was filed against Defendants, J. Nick Enterprises and Jeffrey M. Brungo in the Court of Common Pleas of Allegheny County at G.D. 09-014212 *(Shook v. J. Nick Enterprises, et al.)*.  On February 16, 2012 a writ to join additional defendants was issued in that action and will generate crossclaims and more allegations.  In addition, another proceeding at G.D. 09-014339 was consolidated at the former action.  The G.D. 09-014339 action *(Shook v. Greene, et al.)* was begun by writ of summons and is pending a complaint.  Once filed that complaint may raise additional allegations against J. Nick Enterprises and Brungo.  Accordingly, the pleadings, and therefore, the allegations which affect the obligations that Great American owes to its insureds, J. Nick Enterprises and Brungo are still in flux.

Further, not all parties in the state court action are before this court.  State co-defendants Green, Krenzelak, and Kroll are absent.

## THE UNDERLYING ACTION AND INSURANCE POLICY

In addition, the allegations in the state court complaint against J. Nick Enterprises and Brungo, the insureds of Great American, are very broad.  For example: ". . . did . . . carelessly, negligently, and wantonly allow and permit dangerous and hazardous conditions to exist on/in its premises . . ." "In being negligent per se in violating 47 Pa. C.S. § 4-493(1), by knowingly furnishing alcohol to visibly intoxicated patrons so as to cause injury to the plaintiff."  "In otherwise failing to exercise reasonable care under the circumstances."  "The assault upon Plaintiff and the physical injuries he suffered were proximately caused by the negligent, careless and reckless conduct of [J. Nick Enterprises and Brungo]." (underlying complaint, paragraphs 10 and 19, 19c, d, g and h exhibit A to complaint for declaratory judgment) In other words, there is a varied mix of negligence allegations and references to alleged intentional conduct and negligent conduct which precedes and allegedly causes the incident.

The liquor liability coverage sold to J. Nick Enterprises and Brungo promises to protect them and pay damages for "liability . . . imposed . . . by reason of the selling, serving or furnishing of any alcoholic beverage . . ." (Complaint ¶ 17)  The misplaced hope of Great American is to exclude the promised coverage by reference to an exclusion for "liability arising out of assault and/or battery. . ."   (Complaint ¶ 18)  Before the basis of liability can be determined or selected, as between competing allegations of liability, facts must be developed to prove the basis of liability.

The proceedings in state court will inform Great American of the basis upon which liability is imposed, if at all, upon J. Nick Enterprises or Brungo.  For Great American to develop

in this declaratory action the factual basis for imposition of and selection of liability while the state court action is considering the same factual subsets, is improperly intrusive upon the state court system and a needless duplication.   Accordingly, as argued below this case is appropriate for the court to decline jurisdiction.

**ISSUES**

I.      Should the district court decline to exercise diversity jurisdiction to proceed under the Declaratory Judgment Act when the declaration involves issues of pure state law, contingent upon the outcome of a pending, in part parallel, state court lawsuit?

   Answer:  Affirmative

II.      Does the absence of the co-defendants from the state court action render this complaint without necessary parties?

   Answer:  Affirmative

**ARGUMENT**

I.      **Discretion should be exercised to decline diversity jurisdiction in this declaratory judgment action.**

The Declaratory Judgment Act states that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.  District courts may decline jurisdiction over declaratory judgment actions "even when the suit otherwise satisfies subject matter jurisdictional 'prerequisites'." *Wilson v. Seven Falls Co.,* 515 U.S. 277, 282-83, 115 S. Ct. 2137, 132 L.Ed. 2d 214 (1995).  The district court should adopt "a general policy of restraint" when a declaratory judgment action is restricted to state law and the same issues are pending in state court.  *State Auto Ins. Co. v. Summy,* 234 F.3d 131, 134 (3d Cir. 2000) "A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135

"The desire of policyholders and insurance companies to obtain declarations in federal court on matters of state law has no special call on the federal forum." *Summy* at 136.  Even in the absence of a parallel state court proceeding, district courts may decline jurisdiction over declaratory judgment actions that raise only questions of state law.  *Rinkenbach v. State Auto Ins.*, 2007 WL 1314889 *3 (E.D. Pa. May, 2007).  *Dixon v. Progressive Northern Ins. Co.*  2008 WL 4072816, *2 (J. McVerry) (W.D. Pa. August 27, 2008).  The Western District Court has not hesitated to decline jurisdiction, even when the complaint for declaratory relief is combined with counts for coercive relief.  *Columbia Gas of Pennsylvania, Inc. v. American International Group, et al.,* 2011 WL 294520 (J. Ambrose) (Slip opinion, February 18, 2011, page 4);   Pepper Construction Company of Indiana LLC v. The Travelers, civil action no. 2:10-cv-436 (J. Cercone) (Slip opinion, August 9, 2010, page 1)

The Third Circuit Court of Appeals, Judge Weis speaking for the court, vacated the judgment of the district court and remanded  with instructions to dismiss the complaint in *State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2000):

> Despite the pendency of a case in state court on the same issues, the District Court granted a declaratory judgment in favor of an insurance carrier on a coverage case based solely on state law.  We conclude that in the circumstances, the District Court should have declined to exercise jurisdiction.  Accordingly, we will vacate the [**2] judgment and direct that the complaint be dismissed. Id. at 131

Judge Weis noted that the Declaratory Judgment Act placed cases in a unique circumstance regarding the exercise of jurisdiction and quoted in part from the Supreme Court's decision in *Brillhart*:

> The Declaratory Judgment Act, 28 U.S.C. §§ 2001 and 2202, provides a remedy that may be used by the federal courts in appropriate circumstances.  This statute provides that a court "may declare the rights . . . of any interested party," 28 U.S.C. § 2201(a) . . . and contemplates that district courts will exercise discretion in determining whether to entertain such actions.  Id. at 133

The unique characteristics of the Act were first made clear by the Supreme Court in <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491, 495, 86 L.Ed. 1620, 62 S.Ct. 1173 (1942), a case involving a dispute between insurance carriers. The Court emphasized that the jurisdiction conferred by the Act was discretionary, and district courts were under no compulsion to exercise it. [*Brillhart* at 494] Id. 133

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive despositon of a state [**7] court litigation should be avoided." [*Brillhart* at 495] Id. at 133

To completely declare the rights and duties of Great American to defend and indemnify under the commercial general liability policy and the liquor liability coverage this court would be required to determine who did what act to cause damages; what relation to the acts that caused damages did each Great American insured have; whether either insured is at fault and the factual and legal basis of liability for each insured. This is exactly what the decisions of this circuit have ruled should not be done. Those facts are pending adjudication in state court.

The Third Circuit has listed criteria for consideration regarding the exercise of discretion to accept or decline declaratory judgment claims. In *United States v. Dep't of Envtl. Res.,* 923 F.2d 1071 (3d. Cir. 1991) the court listed the following considerations:

1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; 2) the convenience of the parties; 3) the public interest in settlement of the uncertainty of the obligation; and 4) the availability and relative convenience of other remedies. Id. at 1075

In addition, for questions that involved insurance coverage the following additional factors have been suggested:

1) the general policy of restraint when the same issues are pending in state court; 2) an 'inherent conflict of interest' between an insurer's duty to defend in a state court and its attempt to characterize, in the federal suit, the state court suit as arising under a policy exclusion; 3) an avoidance of duplicative litigation. Id. at 1076-77 *Summy*, 234 F.3d at 134 (citing Dep't. of Envtl. Res.). Also see

*Scottsdale Ins. Co. v. Broaddus,* 2009 WL 349697 (E.D. Pa.) (Feb. 11, 2009, *2, J. Diamond)

Applying the initial four considerations to this lawsuit, all weigh in favor of declining jurisdiction.  The likelihood of resolving the uncertainty of the controversy over indemnification is low as indemnity is contingent upon a future judgment in the state court proceedings.  Further, the underlying complaint has pled multiple bases of liability.  Great American wants to focus on its exclusion for "liability arising out of assault and/or battery", but we will not know the precise basis of any "liability" until the judgment is entered.  Accordingly, whether we try to resolve a duty to defend or a duty to indemnify, both are dependent upon the basis upon which "liability" is ultimately determined, if at all, in the state proceeding.  The convenience of J. Nick Enterprises and Brungo would be served by not having to defend themselves in two forums.  The public interest is not served by retaining a case of pure state law issues in federal court.  The remedy to the controversy over coverage is already in progress in the state court lawsuit and the outcome will inform plaintiff, Great American, regarding coverage.

As to three factors that relate specifically to claims for insurance coverage, all favor declining jurisdiction of this complaint.  The issues of regarding the factual bases of liability against J. Nick Enterprises and Brungo are pending in the state court.  Plaintiff, Great American, is placing itself at odds with its policyholders, J. Nick Enterprises and Brungo in an attempt to have an unclear policy exclusion prematurely swallow the entire claim.  Avoiding the potential for inconsistent decisions regarding the factual predicates to imposing liability between the federal court and the state court and the avoidance of duplicative proceedings would also be served by declining jurisdiction.

Other circuits also exercise restraint regarding declaratory judgment actions.  In *Zurich Ins. Co. v. Alvarez*, 669 F. Supp. 307 (C.D. Ca. 1987) the district court declined to entertain a declaratory judgment matter and ruled as follows:

> The Court declines to exercise the jurisdiction conferred in this case to act upon Zurich's request for declaratory relief for the following reasons:
>
> First, the exercise of jurisdiction would require the Court to determine facts which also may be at issue in an independent pending state proceeding.
>
> Second, the Court considers it to be inappropriate to make a federal forum available for the sole purpose of deciding the rights and obligations of the federal parties which arise solely out of a state proceeding, which includes different parties, *while the state court proceeding is pending.* Id. at 309

In affirming the dismissal of declaratory claim, *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) discussed its rational:

> In determining whether the district court acted correctly it is important to consider the nature of a declaratory judgment.  The Declaratory Judgment Act, 28 U.S. C. § 2201, confers no jurisdiction but is a procedural device designed to provide a new remedy to the federal court arsenal.  *Aetna Life Ins. Co. of Hartford, Conn. V. Haworth, 300 U.S. 227, 239-240, 57 S. Ct. 461, 463-464, 81 L. Ed. 617 (1937).* The district court, [\*\*4] however, is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action.  *Brillhart v. Excess Ins. Co. of America,* 358 F. Supp. 327, 330 (N.D. Tex.), *aff'd,* 475 F.3d 1402 (5th Cir. 1973), the Declaratory Judgment Act "gives the court a choice, not a command."  Id. at 601

**II.     All state court defendants are necessary parties under Fed. R. Civ. P. Rule 19.**

The threshold inquiry under rule 19 is to determine whether a party is necessary.  A party is necessary if:

> (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

     (i)    as a practical matter impair or impede the person's ability to protect the interest; or

    (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed. R. Civ. P., rule 19(a)

The underlying additional defendants, Greene, Krenzelak, and Knoll as co-defendants in a tort proceeding to establish joint liability, have an interest in maintaining the insurance coverages which are the subject matter of this action.  Also, as noted earlier, this declaratory judgment proceeding and the underlying tort action share fact subsets.  Findings made in this court, regardless of the applicability of collateral estoppel, present the potential for negative precedent which as a practical matter will impair the absent parties' interests in maintaining insurance coverage or their defenses to the tort action.

<u>Conclusion</u>

This court should decline to exercise jurisdiction and dismiss the complaint for declaratory judgment without prejudice to file in the state court.  Alternatively, the complaint should be dismissed for lack of necessary parties.

ANSTANDIG, McDYER & YURCON, P.C.


BY:  *S/Daniel P. McDyer*
       COUNSEL FOR J. NICK ENTERPRISES d/b/a
       THE LIBRARY AND JEFFREY M. BRUNGO,
       DEFENDANTS.

       Daniel P. McDyer, Esquire
       Pa. I.D. #19854
       ANSTANDIG, McDYER & YURCON, P.C.
       Firm I.D. # 866
       1300 Gulf Tower – 707 Grant Street
       Pittsburgh, PA 15219-1911
       (412) 765-3700 – Telephone
       (412) 765-3730 – Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Support of Motion to Dismiss was served on this 21st day of March, 2012 by first class mail, postage prepaid to the following:

Counsel for Great American E&S Insurance Company

Patricia A. Monahan, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Suite 2900, U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
412-803-1140
Pamonahan@mdwcg.com


Mr. Jason Shook
1614 Princess Avenue
Pittsburgh, PA 15216




ANSTANDIG, McDYER & YURCON, P.C.


BY:   S/Daniel P. McDyer
        COUNSEL FOR J. NICK ENTERPRISES d/b/a
        THE LIBRARY and JEFFREY M. BRUNGO,
        DEFENDANTS.