IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREAT AMERICAN E&S INS. CO.,

    Plaintiff,                                                 12cv0193

        v.

**ELECTRONICALLY FILED**

J. NICK ENTERPRISES, d/b/a THE
LIBRARY, JEFFREY M. BRUNGO, JASON
SHOOK,

    Defendants.

## MEMORANDUM ORDER RE: DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(7) (Doc. No. 7)

### I.    Introduction

Presently before this Court is Defendants' J. Nick Enterprises d/b/a The Library ("The Library") and Jeffrey Brungo ("Brungo") Motion to Dismiss Plaintiff, Great American E&S Insurance Company's ("Great American's") Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7). Doc. No. 7. Defendants seek dismissal of Plaintiff's Complaint based on the arguments that: (1) this Court should exercise its discretion and decline jurisdiction in this declaratory judgment action, and (2) the case must be dismissed pursuant to Federal Rule of Civil Procedure 19 for failure to join a necessary party. Doc. No. 8. After careful consideration of Defendants' Motion to Dismiss (Doc. No. 7) and brief in support thereto (Doc. No. 8), as well as Plaintiff's response in opposition (Doc. Nos. 10 and 11), Defendants' Motion to Dismiss (Doc. No. 7) will be GRANTED.

## II. Factual Background

For the purposes of this Memorandum Order,[1] the Court assumes that the following facts are true. On August 13, 2009, a currently named Defendant, Jason Shook ("Shook"), initiated a lawsuit against two other named Defendants, The Library and Brungo, in the Allegheny County Court of Common Pleas. Doc. No. 1 ¶ 8. On or about September 7, 2007, Shook was on the premise of The Library bar when other patrons named Michael Kroll ("Kroll"), Dennis Green ("Green") and Michael Krenzelak ("Krenzelak") physically assaulted him. *Id.* at ¶ 12. Shook averred that Kroll, Green, and Krenzelak were all visibly intoxicated yet The Library continued to serve them alcohol both before and after he was attacked. *Id.* Thereafter, Shook sued both The Library and Brungo for negligence and gross negligence and sought punitive damages. *Id.* at ¶¶ 14-15.

The Library and Brungo tendered the defense of this underlying action to Plaintiff Great American. *Id.* at ¶ 9. The Great American insurance policy provides commercial general liability coverage and liquor liability coverage pursuant to the policy signed by The Library. *Id.* at ¶¶ 16-17. The policy additionally had an "Assault and/or Battery Exclusion," a "Punitive Damages Exclusion," and a "Negligent Hiring Exclusion." *Id.* at ¶¶ 18-20. Due to these Exclusions and to the facts, Plaintiff argued that it owed no duty to defend or indemnify the insureds under the policy for the claims raised by Shook. *Id.* at ¶ 21. Therefore, Plaintiff moved for a declaratory judgment. *Id.*

Defendants The Library and Brungo then moved the Court to dismiss Plaintiff's Complaint for declaratory judgment. Doc. No. 7. Defendants argue that Plaintiff's allegations

---

[1] These facts are taken as true for the analysis under Fed. R. Civ. P. 12(b)(7); however, the facts are not examined for the purposes of the Rule 12(b)(1) analysis.

against them are "very broad" and certain facts of the incident in question must be developed before liability can be assigned between parties. Doc. No. 8.

III. **Legal Standard**

**a. Federal Rule of Civil Procedure 12(b)(1) Standard**

Federal Rule of Civil Procedure 12(b)(1) provides that a Court may dismiss a complaint for "lack of jurisdiction over the subject matter" over a case. The plaintiff has the burden of establishing subject matter jurisdiction. *Carpet Group Int'l v. Oriental Rug Imp. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Without jurisdiction the court cannot proceed at all in any case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

A Rule 12(b)(1) motion may present either a facial or a factual challenge to subject matter jurisdiction. "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges . . . ." *N.E. Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 n. 7 (3d Cir. 2001) (citing *Mortensen*, 549 F.2d at 891. Defendants' Motion presents a factual challenge to jurisdiction.

A court deciding a factual Rule 12(b)(1) challenge to jurisdiction is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . . [N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group Int'l v. Oriental Rug Imp. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891).

3

**b. Federal Rule of Civil Procedure 12(b)(7) Standard**

The primary factors to be considered by this Court in determining whether a party is indispensable are listed in Fed. R. Civ. P. 19 as follows:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. *See also Field v. Volkswagenwerk AG*, 626 F.2d 293, 297 (3d Cir. 1980).

The United States Court of Appeals for the Third Circuit in *McArthur v. Rosenbaum Co. of Pittsburgh*, 180 F.2d 617 (3d Cir. 1950), succinctly described Rule 19's application in this fashion:

> The two tests, therefore, as to what constitutes an indispensable party are: (1) Is the interest of the alleged indispensable party such as will be directly affected legally by the adjudication? (2) Will the failure to join the alleged indispensable party be inconsistent with equity and good conscience?

*Id*. at 621-22.

**IV.    Discussion**

In support of its Motion to Dismiss, Defendants argue that: (1) the Court should decline to exercise diversity jurisdiction under the Declaratory Judgment Act because the case involves

"issues of pure state law, contingent upon the outcome of a pending, in part parallel, state court lawsuit" and (2) the absence of co-defendants from the state court case, who are necessary parties pursuant to Federal Rule of Civil Procedure 19, necessitates that the instant federal Complaint be dismissed. Doc. No. 8.

### A. Dismissal Pursuant to Fed.R.Civ.P. 12(b)(1)

Defendants argue that Plaintiff's Complaint should be dismissed because the claims currently before this Court are pending adjudication in state court. Doc. No. 8, 5. Defendants contend that under applicable case law and to best serve judicial economy, the Court should dismiss Plaintiff's Complaint. To support their position, Defendants cite *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000) for the proposition that a District Court should adopt a "general policy of restraint" when a declaratory judgment is pending before a state court and restricted to state law. Doc. No. 8, 3.

The United States Court of Appeals for the Third Circuit has provided the following factors to apply in exercising discretion to accept or decline declaratory judgment claims:

> (1) The likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of the obligation; and (4) the availability and relative convenience of other remedies.

*United States v. Dep't of Envtl. Res.*, 923 F.2d 1071 (3d Cir. 2001).

For those cases that involve insurance coverage, the following additional factors apply:

> (1) The general policy of restraint when the same issues are pending in state court; (2) an 'inherent conflict of interest' between an insurer's duty to defend in a state court and its attempt to characterize, in the federal suit, the state court suit as arising under a policy exclusion; (3) an avoidance of duplicative litigation.

*Id.* at 1076-77.

Plaintiff correctly states that this Court has "[t]he ability to exercise or refuse to exercise jurisdiction" based on the facts of this case. Doc. No. 11, 5. Although Plaintiff argues against denying jurisdiction, the Court ultimately still has discretion to do so. Applying Fed. R. Civ. P. 12(b)(1) and the various factors identified by the United States Court of Appeals for the Third Circuit, the Court declines to exercise jurisdiction over the matters of this instant Federal Complaint.

### B. Dismissal for Failure to Join Necessary Parties Pursuant to Fed.R.Civ.P. 12(b)(7)

Defendants next argue that the consolidated state court action has parties that are not before this Court, namely, Co-Defendants Greene, Krenzelak and Kroll and which are necessary parties pursuant to Fed. R. Civ. P. 19. Doc. No. 7. Defendants contend that the unnamed Co-Defendants would be negatively affected by this Court's actions if declaratory action on behalf of Plaintiff was granted and that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). Doc. No. 8, 7-8.

Plaintiff argues that the unnamed Co-Defendants are not necessary parties to this action, and "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005). Doc. No. 11, 6. Because the Court has declined jurisdiction on this matter pursuant to Rule 12(b)(1), there is no need to conduct a Rule 12(b)(7) analysis, and the Court declines to do so.

V. **Order**

AND NOW, this 2nd day of April 2012, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) (Doc. No. 7) is **GRANTED**.

The Clerk of Court shall mark this **CASE CLOSED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties